# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corp., et al.<br><br>                         Debtor. | Bankruptcy Case No.12-11564 (CSS) |
| Catherine Youngman, as Litigation Trustee of ASHINC Litigation Trust<br><br>                         Appellant,<br><br>     v.<br><br>Yucaipa American Alliance (Parallel) Fund I, L.P., et al.<br><br>                         Appellees. | C.A. No. 22-634-CFC<br><br>Bankr. BAP No. 22-0033 |

## **RECOMMENDATION**

At Wilmington this **7th** day of **June, 2022.**

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, this judge conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter.

On May 12, 2022, Appellant Catherine Youngman, as Litigation Trust of the ASHINC Litigation Trust (the "Trustee") noticed this Appeal in the Bankruptcy Court for this District. This Appeal was docketed with this court on May 13, 2022. Appellees are

Yucaipa American Alliance (Parallel) Fund I, L.P. and Yucaipa American Alliance Fund I, L.P.  On May 6, 2022, this judge entered an Oral Order directing the parties to this Appeal to advise in a joint submission their position(s) regarding mandatory mediation and the bases for them.  D.I. 3.  Thereafter, as directed, the Parties submitted their joint statement regarding mediation on June 6, 2022.  This position letter was not docketed since it related to mediation and the parties' respective positions in this regard.

  The parties have participated in several mediation attempts over the years which addressed the claims in the underlying Bankruptcy Court adversary proceedings involved in this present Appeal.  Initially, pursuant to an order dated April 23, 2013, the parties mediated with the Hon. Robert D. Drain, a bankruptcy judge for the Southern District of New York.  Several mediation sessions with Judge Drain occurred between 2013 and 2014.  After a hiatus, the final mediation session with Judge Drain was held on November 2, 2018.  Unfortunately, these efforts were unsuccessful in reaching a settlement.

  In 2019, Yucaipa suggest further mediation be attempted with the Hon. Daniel Weinstein (Ret.) and Jed Melnick (of JAMS), who were mediating a related insurance coverage case between Yucaipa and the carriers.  On October 4, 2019, the Parties and the insurance carriers held an in-person mediation session in San Francisco, CA.  Those efforts did not result in any settlement.

  In late 2020, through Judge Weinstein and Mr. Melnick's assistance, a settlement of all claims against the previously named defendants occurred and those defendants were dismissed in December 2020.

  On July 6, 2021, Yucaipa appealed a judgement entered by the Bankruptcy

Court on June 23, 2021 in favor of the trustee in the adversary proceedings. These proceedings are presently pending before this Court as C.A. Nos. 21-944 and 21-955 both CFC. On August 2, 2021, this judge recommended that these Yucaipa Appeals remain in mandatory mediation before Judge Weinstein and Mr. Melnick. *See* D.I. 33 in these appeals. Since that time, Judge Weinstein and Mr. Melnick have endeavored to mediate a resolution, both formally and informally, among the Trustee and Yucaipa entities.

Discussions between the parties from above-noted sessions, which include parties to a related adversary proceeding against Yucaipa's Limited Partners, are ongoing. The Parties request that briefing schedules be delayed until either Party determines that such discussions have been exhausted without resolution. At such time, either Party shall submit a proposed stipulation for this Court to approve a briefing schedule on the Appeals after conferring with opposing counsel on mutually agreeable dates.

Pursuant to the applicable Standing Order of September 11, 2012, this matter, along with other related appeals, automatically places this Bankruptcy appeal in Mandatory Mediation.

THEREFORE, IT IS RECOMMENDED that:

1. This Appeal remain in Mandatory Mediation.

2. Because of their familiarity with the issues involved, this Appeal be referred to Judge Weinstein and Mr. Melnick for further mediation/settlement efforts.

3. The Stay in this Appeal be extended until further mediation/settlement efforts are exhausted.

      4. No briefing schedule be entered at this time until, as noted herein, the continued settlement efforts are completed. If mediation is unsuccessful, the Parties shall submit a proposed stipulated briefing order for this Court's approval.

    The Parties are aware of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. No objections are anticipated since this Recommendation is consistent with the Parties' request.

    Local counsel are obligated to inform out-of-state counsel of this Recommendation.

Date: June 7, 2022                        /s/ Mary Pat Thynge
                                                  Chief U.S. Magistrate Judge Mary Pat Thynge